IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SONIA C. ROBERSON,

          Plaintiff,

   v.

REX MILLER; AGRI-TECH BUSINESS,

          Defendants.

Civ. No. 6:23-cv-01243-AA

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Plaintiff Sonia C. Roberson seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED but the Complaint, ECF No. 1, is DISMISSED without service on Defendants, but with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, and Plaintiff's Motion to Change Venue, ECF No. 6, are DENIED.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Court concludes that Plaintiff has made a sufficient demonstration of indigency and so Plaintiff's IFP petition, ECF No. 2, is granted. However, for the reasons set forth below, the Complaint is dismissed without service on Defendants, but with leave to amend.

The Complaint in this case is disjointed and difficult to read. In general, Plaintiff alleges that she suffers from disabilities and her landlord, Defendant Rex Miller, failed to maintain the steps up to Plaintiff's dwelling in usable condition. As a result, Plaintiff fell and was injured. Plaintiff alleges that Defendant Miller assaulted her in retaliation for reporting the issue of the steps to regulatory authorities. It is not entirely clear what role Defendant Agri-Tech Business had in Plaintiff's injuries, other than that it is a company owned by Defendant Miller.

It also appears that the matter may have previously been, or perhaps is currently being, litigated in Oregon state court, as Plaintiff complains about the actions of her state court attorney in the underlying action. This inference is

bolstered by Plaintiff's Motion for Change of Venue, ECF No. 6, which appears to request a transfer of Plaintiff's underlying civil case from the Coos County Circuit Court to the Lane County Circuit Court.

This Court lacks jurisdiction over the Oregon state courts and so cannot grant the requested transfer.  The Motion to Change Venue, ECF No. 6, is therefore denied.  Plaintiff should consider whether the relief she seeks might not be more readily available in the Oregon state courts, particularly if there is already an ongoing action in those courts.

More generally, the Court cannot discern the parameters of Plaintiff's claim or claims and how they relate to each Defendant.  Any Defendant served with the Complaint, as presently written, would be unable to discern the claim or claims being made against them.  The Court will therefore dismiss the Complaint without service on Defendants, but with leave to amend.  In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about her situation and does not have access to the records of the Oregon state courts.  Plaintiff should explain, briefly and in plain language, what has happened, how she was injured, and why she believes each specific defendant should be held liable for her injuries.

In addition, Plaintiff has filed a Motion for Appointment of Counsel.  ECF No. 3.  There is no constitutional right to counsel in a civil case.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional

circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, because Plaintiff has failed to state a claim, the Motion for Appointment of Counsel is denied.

Finally, Plaintiff has filed a document which she has captioned as a criminal complaint. ECF No. 8. Plaintiff, as a private citizen, cannot initiate a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent that this filing was meant to initiate a criminal action, it is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED without service on Defendants but with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED. Plaintiff's Motion to Change Venue, ECF No. 6, is DENIED.

It is so ORDERED and DATED this ___16th___ day of November 2023.

　　　　　　　　　　　　　　　　/s/Ann Aiken
　　　　　　　　　　　　　　　　ANN AIKEN
　　　　　　　　　　　　　　　　United States District Judge