IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SONIA C. ROBERSON,                                    Civ. No. 6:23-cv-01243-AA

                    Plaintiff,                        **OPINION & ORDER**

          v.

REX MILLER; DEVERA MILLER;
AGRI TECH BUSINESS; FARMERS
INSURANCE,

                    Defendants.
_____

AIKEN, District Judge.

    Self-represented Plaintiff Sonia C. Roberson has been granted leave to proceed *in forma pauperis* ("IFP") but the Court dismissed her original Complaint with leave to amend. ECF No. 9. Plaintiff timely filed an Amended Complaint, ECF No. 10, and has also filed a Motion to Substitute a Party, ECF No. 11. For the reasons set forth below, the Amended Complaint is DISMISSED with leave to amend and the Motion to Substitute a Party, ECF No. 11, is GRANTED.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access.  To authorize a litigant to proceed IFP, a court must make two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

In her Amended Complaint, Plaintiff seeks to bring claims against Rex Miller, DeVera Miller, Agri-Tech Business, and Farmers Insurance for (1) insurance fraud; (2) discrimination; (3) Fair Housing violations; (4) criminal law violations; (5) civil rights violations; (6) "color of law violations"; (7) "constitution rights violations"; (8) ADA violations; and (9) tampering with evidence. Am. Compl. 3.

## I.    Background

Plaintiff's Amended Complaint is 89 pages, mostly handwritten. The narrative presented is disjointed, repetitive, and difficult to follow. Plaintiff alleges that Defendants Rex Miller and DeVera Miller are the joint-owners of AgriTech Design Business. Plaintiff alleges that she rented an apartment from the Millers but that the unit "was not habitable for a disabled adult-child senior woman." Am. Compl. 7. Plaintiff alleges that the property was zoned commercial, rather than residential, and that it fell short of city code and ADA requirements. *Id.* Plaintiff alleges that the apartment could only be accessed by manually opening a garage

door and that she suffered injuries from doing so. *Id.* at 8-10. Plaintiff alleges that she was injured in a fall on the stairs to the residential unit and that she sued Rex Miller in Coos County Circuit Court for her injuries. *Id.* at 11. It generally appears that Plaintiff was unsuccessful in that case, as she filed an appeal with the Oregon Court of Appeals. *Id.* at 12.

Plaintiff also alleges that she suffers from schizophrenia and that she became "scared of Rex Miller spying on me and Shaun Nix, a disabled adult child and scared of eviction retaliation notices from Rex Miller and scared of Rex Miller spying on me under the stairs and injuries ect!!!" Am. Comp. 11.

Farmers Insurance issued a policy for the Millers and Agri-Tech for the property where Plaintiff lived. Am. Compl. 30. It appears that Farmers Insurance investigated Plaintiff's claim, but Plaintiff objects that Rex Miller allowed the insurance investigator into the garage when Plaintiff was not present. *Id.* at 19. Plaintiff alleges that Farmers Insurance denied her claim for injuries. *Id.* at 12. Plaintiff alleges that this constitutes insurance fraud. *Id.* at 20. It appears that the claim made to Farmers Insurance was part of Plaintiff's state court civil action, as Plaintiff alleges she was offered $60,000 to settle the case on the eve of trial. *Id.* at 24. Defendants also appear to have offered Plaintiff $100,000 to settle her claims. *Id.* at 25.

Plaintiff alleges that Rex Miller sexually assaulted her in the garage of the building and "lied to a detective Wheeling of Coos Bay Oregon Police Department, Rex Miller lied in my case #22CV37030 and Rex Miller lied on the witness stand at

trial and lied to the jury and judge." Am. Compl. 17.   Plaintiff alleges that Rex
Miller "started criminal illegal acts and I believe he is illegally using his favoritism
to spread discrimination plague disease of his illegal retaliation and jealousy." *Id.*
at 42.

## II.    Preclusion

Throughout the Amended Complaint, there are repeated references to Rex
Miller's testimony during a civil trial, apparently concerning the injuries Plaintiff
sustained while she was a tenant of the Millers' property. Am. Compl. 46.  There
are also references to the Millers and Farmers Insurance offering money to settle
Plaintiff's claims.  This suggests that Farmers Insurance was also involved in the
state court action.  The Amended Complaint indicates that this underlying action
went to trial in October 2023.  *Id.* at 45.    Plaintiff did not prevail in her lawsuit.
*See id.* at 52 (asserting that the presiding judge "caused me to be robbed of what
farmers insurance commercial claims owes me for all claims from the beginning of
my tenancy to the end I demand the limits of the policy 2 million dollars for each
claim the illegal acts and violations of laws caused me to lose and be robbed out of
the compensation for catastrophic multiple injuries all over my body for the garage
door claims and 10-29-2021 slip and fall down the stairs and all claims!!"); 76 ("[I]t
only took less than maybe 20 minutes for the jury to say a verdict that was for Rex
Miller and Agri Tech, ect[.]").  Plaintiff appealed the verdict.  *Id.* at 66.

The fact that many, or perhaps all, of Plaintiff's claims were litigated in the
Coos County Circuit Court case raises the issue of preclusion.  Preclusion is a legal

rule that a "plaintiff who has prosecuted one action against a defendant through to a final judgment is barred [*i.e.*, precluded] from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Drews v. EBI Cos.*, 310 Or. 134, 140 (1990) (internal quotation marks and citations omitted, alterations normalized). Put more simply, preclusion means that if a plaintiff loses a lawsuit against a defendant, they cannot simply bring the same claims, or claims based on the same facts, against the same defendant a second time.

The preclusive effect of a final judgment entered in a previous lawsuit is governed by the doctrines of claim and issue preclusion, "collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim and issue preclusion prevent "parties from contesting matters that they have had a full and fair opportunity to litigate," and serve to "protect against the expense and vexation attending multiple lawsuits, conserve[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (internal quotation marks and citation omitted). Claim preclusion "does not

require actual litigation of an issue of fact or law," nor does it "require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." *Drews*, 310 Or. at 140.  Only "the opportunity to litigate is required, whether or not it is used." *Id.*  "Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." *Id.*

Here, the Amended Complaint makes it clear that Plaintiff's injuries arising from her time as a tenant of the Millers were fully litigated in a jury trial in the Coos County Circuit Court and that the jury returned a verdict in favor of the defendant.  Insofar as the Court is able to make out Plaintiff's claims, they all seem to relate to her tenancy or to the state court litigation.  This falls squarely within the bounds of claim preclusion and will prevent Plaintiff from advancing those claims in a federal lawsuit about the same subject matter.

Portions of the Amended Complaint also appear to challenge decisions or rulings of the Coos County Circuit Court in Plaintiff's civil case.  Ruling on those issues would amount to an appeal of the state court decision and this Court does not have appellate jurisdiction over the Oregon state courts.  *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.").  If Plaintiff wishes to challenge what she believes to be legal errors by the Coos County Circuit Court, she must do so in the Oregon appellate courts.

Because Plaintiff's claims connected to her tenancy and the injuries she suffered in her tenancy were, or could have been, litigated in her civil action in Coos County Circuit Court, they are barred by claim preclusion and must be dismissed. In addition, Plaintiff's claims related to the conduct of her state court case appear to seek appellate review of the decisions of the state court and this Court lacks jurisdiction to consider those issues.

## III.    Fraud

As noted, Plaintiff appears to be asserting a claim for fraud against the Millers and Farmers Insurance.  The elements of common law fraud in Oregon are (1) that the defendant made a material misrepresentation that was false; (2) the defendant did so knowing that the representation was false; (3) the defendant intended the plaintiff to rely on the misrepresentation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff was damaged as a result of the reliance.  *Strawn v. Farmers Ins. Co. of Oregon*, 350 Or. 336, 352 (2011).

Here, Plaintiff appears to allege in her claim for fraud that Defendants offered to settle Plaintiff's claims in the state court lawsuit for $60,000 or for $100,000, rather than the policy limit of $2 million.  On its face, this is not fraud. As noted, Rex Miller eventually prevailed in the lawsuit and Plaintiff was not paid anything.  To the extent that this claim relies on Plaintiff's assertion that Rex Miller committed perjury in the state court proceeding, that would not constitute a claim for common-law fraud as the testimony was not directed at Plaintiff nor was Plaintiff intended to rely on it—rather the testimony was offered for purposes of

Rex Miller's defense in the lawsuit.  The Court concludes that Plaintiff has failed to state a claim for fraud and this claim is dismissed.

## IV.    Criminal Charges

Plaintiff also asserts that she is trying to use this action to bring criminal charges against Rex Miller.  Am. Compl. 44.  As the Court explained in its previous order, Plaintiff is a private citizen and does not have standing to initiate criminal prosecutions of another person.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

## V.    Renewed Motion for Appointment of Counsel

Plaintiff also seeks reconsideration of the Court's denial of her motion for appointment of counsel.  Am. Compl. 86.  As the Court explained in its prior Order, there is no constitutional right to counsel in a civil case.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Here, because Plaintiff has failed to state a claim, the renewed Motion for Appointment of Counsel is denied.

## VI.    Leave to Amend

The Court previously afforded Plaintiff leave to amend her complaint and, despite voluminous amendments and some additional clarity in the Amended Complaint, she has failed to state a claim.  However, in consideration of Plaintiff's

status as a self-represented party, the Court will provide one more opportunity to amend her complaint.  In drafting her amended complaint, Plaintiff should bear in mind (1) that claim preclusion prevents her from re-litigating her state court lawsuit against Rex Miller in this case, or from bringing claims that were or could have been part of that lawsuit in this case; (2) that this Court does not have jurisdiction to consider claims alleging legal or procedural errors by Coos County Circuit Court; and (3) that Plaintiff does not have standing to bring criminal charges against another person.  Criminal charges are brought by prosecutors, generally after a referral by law enforcement, and not by private individuals.

## VII.   Motion to Substitute Party

Finally, Plaintiff seeks leave to substitute Danni Noel Reed as her name in this action.  ECF No. 11.  This motion is GRANTED and the Court will amend the electronic docket to reflect Plaintiff's name as Dannie Noel Reed in future filings.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 10, is DISMISSED with leave to amend.  Plaintiff shall have thirty (30) days from the date of this Order in which to file her second amended complaint.  Failure to timely file an amended complaint will result in entry of judgment of dismissal without further notice.  Plaintiff's Motion to Substitute Party, ECF No. 11, is GRANTED, and the case caption will be amended to reflect Plaintiff's name as Danni Noel Reed.

It is so ORDERED and DATED this ____24th____ day of September 2024.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge