IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DANNI NOEL REED,                                    Civ. No. 6:23-cv-01243-AA

                        Plaintiff,                  **OPINION & ORDER**

            v.

REX MILLER; AGRI-TECH
BUSINESS; DEVERA MILLER;
FARMERS INSURANCE,

                        Defendants.

_____

AIKEN, District Judge.

This case comes before the Court on Plaintiff's Motion to Reopen, ECF No. 16;
Plaintiff's Motion to Attach New Complaint for Civil Case, ECF No. 19; and Plaintiff's
"Motion to Federal District Court Eugene Division Oregon to Accept My Disability
Verification as required by law," ECF No. 20.

## BACKGROUND

On September 24, 2024, the Court dismissed the Amended Complaint in this
matter for failure to state a claim. ECF No. 12. Plaintiff was given thirty days in
which to file a second amended complaint and warned that failure to timely file a
second amended complaint would result in a judgment of dismissal without further
notice. ECF No. 12. A copy of the September 24, 2024, Order was mailed to Plaintiff

at her listed address.  Plaintiff did not timely file an amended complaint.  On November 6, 2024, the Court dismissed the case and entered judgment.  ECF Nos. 14, 15.  Copies of the November 6, 2024, Order and Judgment were mailed to Plaintiff at her listed address.

On November 19, 2024, the copy of the September 24, 2024, Opinion & Order which was sent to Plaintiff was returned to the Court as undeliverable.  On December 2, 2024, the copies of the November 6, 2024, Order and Judgment were returned to the Court as undeliverable.

On November 21, 2024, Plaintiff filed a Motion to Reopen, ECF No. 16, which the Court interprets as a motion to set aside the judgment under either Federal Rule of Civil Procedure 60(b).  On December 19, 2024, Plaintiff filed a "Motion to Attach New Complaint for Civil Case," which the Court interprets as an amended complaint. ECF No. 19.  The Court took these motions under advisement as of December 30, 2024.

On January 15, 2025, Plaintiff filed a "Motion to Federal District Court Eugene Division Oregon to Accept My Disability Verification as required by law."  ECF No. 20.  This motion was taken under advisement as of February 18, 2025.

On January 21, 2025, while these post-judgment motions were pending, Plaintiff filed a Notice of Appeal.  ECF No. 21.  On February 18, 2024, the United States Court of Appeals for the Ninth Circuit stayed Plaintiff's appeal until this Court determines if Plaintiff's November 21, 2024, motion is a timely tolling motions under Federal Rule of Appellate Procedure 4(a)(4) and rules on the motion.

## DISCUSSION

### I. Plaintiff's Motion to Reopen is a Timely Tolling Motion under Fed. R. App. P. 4(a)(4).

Federal Rule of Appellate Procedure 4(a)(4) provides that if a litigant files a timely motion under either Federal Rule of Civil Procedure 59 or Rule 60, if the Rule 60 motion is filed within the time allowed for a motion filed under Rule 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. (4)(a)(B).

Here, Plaintiff's Motion to Reopen Case, ECF No. 16, asserts that Plaintiff did not receive notice of the Court's order of dismissal or judgment in time to respond, due to the closure of Plaintiff's P.O. box and her reliance on general delivery. This is consistent with the return of the Court's orders as undeliverable.

The Court interprets this as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Because this motion was filed within the time allowed for a motion filed under Rule 59, the Court concludes that this is a timely tolling motion for purposes of Federal Rule of Appellate Procedure 4(a)(4).

## II.     Plaintiff's Motion to Reopen is Granted

As noted, Plaintiff's Motion to Reopen case asserts that she has not received mail from the Court concerning her case. The Court interprets this as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) grants district courts the discretion to relieve a party from a judgment or order only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered as before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The Court interprets Plaintiff's motion as one brought under Rule 60(b)(6).

Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). While Rule 60(b)(6) vests wide discretion in courts, it should be used sparingly and only under "extraordinary circumstances." *Id.* at 864.

In determining whether to reopen the case, courts routinely consider a plaintiff's pro se status and lack of understanding of the local rules, as well as mental illness and other disability. *See, e.g., Brown v. Berryhill*, Case No. 18-cv-06918-EMC, 2019 WL 12872952, at *4 (N.D. Cal. Nov. 26, 2019) (granting a motion to reopen a

case in which a pro se litigant failed to notify the court of a changed address and so did not receive mail related to his case).

Here, Plaintiff is pro se and, according to her filings, disabled and homeless. The listed mailing address in this case is general delivery in Crescent City, California. The Court finds it plausible that, under the circumstances, Plaintiff did not receive the Court's order or the judgment in time to respond to them. The Motion to Reopen was filed reasonably soon after the entry of judgment. In addition, Plaintiff has filed a "Motion to Attach New Complaint for a Civil Case," which the Court interprets as a Second Amended Complaint, ECF No. 19. This filing is late, but responsive to the Court's September 2024 Opinion and Order. The Court will therefore GRANT the Motion to Reopen, ECF No. 19, and will set aside the previously entered Judgment, ECF No. 15. The Court will therefore proceed to consideration of Plaintiff's Second Amended Complaint, ECF No. 19.

### III.    Plaintiff's Second Amended Complaint

As noted, on September 24, 2024, the Court dismissed Plaintiff's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 12. Central to the Court's prior order of dismissal was the most, or perhaps all, of Plaintiff's claims appeared to have been previously litigated to judgment in Oregon state court. The verdict in the state court case was not favorable to Plaintiff and she seeks to re-litigate those claims in federal court. As the Court explained in its prior Order, those claims are barred by preclusion. In addition, the Court explained that federal district courts do not exercise appellate jurisdiction over state court decisions

and so Plaintiff's allegations concerning procedural defects were properly addressed to the Oregon appellate courts, rather than this Court. The Court also explained that, to the extent that Plaintiff sought to bring some sort of criminal charges against other individuals by filing this action, she lacked standing.

Here, Plaintiff's Second Amended Complaint is, like her Amended Complaint, disjointed and difficult to read. It is handwritten, with fragmentary marginalia, sideways script, and difficult-to-follow formatting. It appears, generally, to reallege much of the content of the Amended Complaint concerning Plaintiff's prior state court litigation against Defendants. As with the Amended Complaint, it appears to seek to relitigate Plaintiff's unsuccessful state court action: "The circuit court case #22cv37030 was not fair, not legal, discrimination, fraud, evidence was left out the judge and jury never saw[.]" Second Am. Compl. at 8. It also references an ongoing appeal of Plaintiff's state court case. *Id.*

For the same reasons set forth in the Court's prior Order, ECF No. 12, the Court concludes that Plaintiff's Second Amended Complaint has failed to state a claim. Plaintiff's attempts to relitigate her unsuccessful state court action are barred by preclusion; this Court lacks appellate jurisdiction over Oregon state courts; and Plaintiff lacks standing to commence a criminal action against another person. The Second Amended Complaint must be dismissed without service on Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has twice previously given Plaintiff leave to amend with instructions concerning the deficiencies in her pleadings. The Court concludes that it would be futile to allow further amendment. Dismissal shall

therefore be without prejudice, but without leave to amend.  Final judgment shall be entered accordingly.

## IV.    Plaintiff's Motion to Accept Disability

Plaintiffs final motion, ECF No. 20, is captioned "Motion to Federal District Court Eugene Division Oregon to Accept My Disability Verification as required by law."  This handwritten motion is almost entirely incoherent, and the Court is unable to discern what relief is being requested.  The forms attached are from the Social Security Administration and the Oregon Judicial Department, possibly in connection with Plaintiff's ongoing state appeal.  On the final page of the motion, Plaintiff writes "If I had an appointed lawyer my case would not have been closed!!! Not Fair HELP!!!" Pl. Mot. at 5.  From this, the Court infers that Plaintiff is seeking appointment of counsel.  The Court has repeatedly explained to Plaintiff that there is no constitutional right to counsel in a civil case, *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986), but that, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  However, as with Plaintiff's previous requests for appointed counsel, the Court declines to exercise that discretion because Plaintiff's claims are either precluded or fall outside the jurisdiction of this Court.  Plaintiff's "Motion to Accept Disability Verification," which the Court interprets as a renewed motion for appointment of counsel, is DENIED.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff's Motion to Reopen, ECF No. 16, is a timely tolling motion for purposes of Federal Rule of Appellate Procedure 4(a)(4). The Court grants the Motion to Reopen, ECF No. 16, sets aside the previously entered Judgment pursuant to Rule 60(b), ECF No. 15, and accepts the untimely filing of Plaintiff's Second Amended Complaint, ECF No. 19. The Second Amended Complaint, ECF No. 19, is DISMISSED without service upon Defendants for failure to state a claim. This dismissal is without prejudice, but without further leave to amend. Plaintiff's "Motion to Federal District Court Eugene Division Oregon to Accept My Disability Verification as required by law," ECF No. 20, is construed as a renewed motion for appointment of counsel and, so construed, is DENIED. Final judgment shall be entered accordingly.

In her Motion to Reopen, Plaintiff requested that filings be sent to an email address, which she included in her motion, as well as to her mailing address. The Court will oblige Plaintiff, and the Clerk is directed to provide Plaintiff with copies of this Order and the Judgment at her listed mailing address, with copies sent to her email address "caliborn402@gmail.com."

It is so ORDERED and DATED this ____20th____ day of February 2025.


  /s/Ann Aiken                                  
ANN AIKEN
United States District Judge